# CHAPMAN & DEWEY LUMBER CO. *v.* ST. FRANCIS LEVEE DISTRICT.

### PETITION FOR REHEARING.

No. 82.　Petition for rehearing by defendant in error received and distributed to the Justices on March 6, 1914.—Decided June 22, 1914.

In presenting petitions for rehearing a duty rests upon counsel to deal with the case as it is disclosed by the record.

THE facts are stated in the opinion.

*Mr. Samuel Adams, Mr. H. F. Roleson, Mr. J. C. Hawthorne* and *Mr. N. F. Lamb* for petitioner.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

Leave to file a petition for rehearing is sought in this case. The petition has been examined, and we find it so wanting in merit that leave to file it must be denied. Doubtless, a formal denial would suffice, but we prefer to notice two statements in the petition.

As our opinion (232 U. S. 186) shows, the controlling question was, whether a patent issued to the State of Arkansas in 1858 under the Swamp-land Act embraced all the lands within the exterior boundaries of a designated

township, or only the lands lying without certain meander lines shown upon the official plat which, by reference, was made part of the description in the patent. The plat showed that large areas in the township, amounting to 8,000 acres or more, were meandered as bodies of water called "Sunk Lands," and that the remaining areas were surveyed into sections and parts of sections, the aggregate of which, according to an inscription upon the plat, was 14,329.97 acres. Deducting from the latter 514.30 acres in fractional section 16, which had passed to the State under the school-land grant, left 13,815.67 acres, and this was the acreage given in the patent, from which section 16 was excepted. The mode of claiming lands under the Swamp-land Act was by presenting selection lists to the Surveyor General, and, as bearing upon what was intended to be conveyed by the patent, we stated that the list in this instance "described the township as containing 14,329.97 acres, the total of the surveyed areas as inscribed upon the plat," and that this, less the 514.30 acres in fractional section 16, was the area given in the patent.

One of the statements in the petition for rehearing is that our opinion "proceeds on the hypothesis, unsupported by the record," that the Governor of Arkansas, in his request for the patenting of the township in question, stated its acreage. In assuming that it is our duty to deal with the case as it is disclosed by the record, counsel are clearly right. A like obligation rests upon counsel. The record (p. 207) contains a certificate from the General Land Office, introduced in evidence without objection, saying: "The original selection list of swamp lands in T. 12 N., R. 7 E., [the township in question] gives the area of the township as 14,329.97 acres, and that amount was also given in the approved list. Section 16, which passed to the State under the school grant, contains 514.30 acres, and as such lands were not granted under the swamp-land laws, the area of section 16 was deducted from the

total of the township, leaving 13,815.67 acres, which amount was accounted for in the patent." The certificate stands uncontradicted in the record and was accepted by the Supreme Court of the State as determinative of the facts recited in it (100 Arkansas, 94, 97). Nothing more need be said upon this point.

Another statement in the petition is that we erred in treating the meandered areas embodying the lands in controversy as unsurveyed lands. The record (p. 1) shows that the complaint filed in the court of first instance, and which counsel seek to maintain, alleged that these lands "were left unsurveyed by the United States Government." The sunk lands were also described by the representative of the State as "not yet surveyed," when the State's claims under the Swamp-land grant were being adjusted and settled in 1895. H. R. Rep. No. 1634, 54th Cong., 1st Sess., pp. 5 and 32. This will suffice upon this point.

*Leave to file petition denied.*